IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kilian Gregoire Hale,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn,<br><br>   Respondent. | No. CV-20-01388-PHX-DLR (MHB)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 40) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (the "Petition") (Doc. 10), which raised 17 claims. The R&R recommends that the Petition be denied and dismissed with prejudice. Petitioner filed a "Motion to Request Certificate of Appealability" (Doc. 41) and "Objections to Magistrate's Report and Recommendation" (Doc. 42).[1] Respondents filed a "Response to Petitioner's Objections" (Doc. 43), and Petitioner filed his "Reply to States Response to Petitioner's Objections to Magistrates' Report and Recommendation" (Doc. 44). The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. Ground 1**

Petitioner argues that the R&R erred in finding "that there was probable cause to search every location that police chose at will with nothing more than a hunch that

---

[1] Petitioner does not object to the R&R on Ground 13.

contraband may be found at if they search." (Doc. 42 at 2.)  Petitioner argues that the affidavits filed in support of the search failed to provide a criminal link to the places to be searched and his attorneys were ineffective for not filing a motion to suppress.  The R&R accurately summarized the elements of an effective assistance of counsel claim and the burden of proving such a claim as follows:

> To establish a claim of ineffective assistance of counsel a petitioner must demonstrate that counsel's performance was deficient under prevailing professional standards, and that he suffered prejudice as a result of that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To establish deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 699. A petitioner's allegations and supporting evidence must withstand the court's "highly deferential" scrutiny of counsel's performance and overcome the "strong presumption" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. A petitioner bears the burden of showing that counsel's assistance was "neither reasonable nor the result of sound trial strategy," *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001), and actions by counsel that "'might be considered sound trial strategy'" do not constitute ineffective assistance. *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  (Doc. 40 at 12.)

In reviewing the evidence that supported the search of Petitioner's house, the R&R found that the basis for the search warrant was well supported by objective facts.  (Doc. 40 at 14-15.)  The R&R found from the record that Petitioner matched the description of the suspect in a series of burglaries being investigated in August 2012 and became a person of interest. In September 2012, Petitioner attempted to sell stolen items to a pawn shop, and he was arrested when he returned to the pawn shop trying to sell $30,000 worth of stolen stamps. The police also recovered other stolen items Petitioner sold to the pawn shop.  And police observed him trying to get into a gated community that had been the site of many burglaries.  Surveillance video showed a subject closely resembling Petitioner ringing a doorbell with an object in his hand prior to attempting to break in.  Petitioner was also observed near at least two Chandler burglaries.

The affidavits filed in support of the search warrant linked Petitioner's criminal

activity to the searched residence because Petitioner told store owners that he had a "war chest" of items and detectives discovered that Petitioner had been recently renting the residence. (Doc. 38, at 5-6.) The R&R correctly found that Petitioner failed to demonstrate that the facts in the affidavit used to obtain the search warrant did not establish a "substantial basis" to find probable cause. There is no basis to find his attorneys ineffective for failing to move to suppress. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (probable cause where "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place"). Petitioner's objections to the R&R's determinations on Ground 1 are overruled.

## II. Ground 2

The R&R found that Petitioner's claim of ineffective assistance of counsel in Ground 2 is meritless. Petitioner objects, claiming that his guilty pleas were involuntary because his attorneys advised him to plead guilty based on false witness identifications and without having investigated exculpatory evidence. He would have not pled guilty if his trial attorneys investigated exculpatory evidence and provided him with the discovery pertaining to the photo identification. Petitioner also claims that the R&R misconstrued clear evidence that the photograph array was unduly suggestive.

As to the witness identifications, Petitioner argues that the photo array was unduly suggestive because it was taken inside the police department, in front of a room with security locks visible on the door, the photo suggests he was in custody. But Petitioner has not demonstrated that the security locks in the photo are significant or cause Petitioner to stand out from the individuals in other photos. The R&R correctly pointed out that "insubstantial differences between the defendant's photograph and others do not in themselves create an impermissible suggestion that the defendant is the offender." *United States v. Burdeau*, 168 F.3d 352, 357-58 (9th Cir. 1999) (collecting cases). (Doc. 40 at 16.)

Petitioner's claim that his attorneys failed to investigate exculpatory evidence is puzzling. The purported exculpatory evidence is a Chandler police report that allegedly

includes witness statements that place him at two different burglaries, miles apart, at the same time. The R&R correctly explains that two burglaries happened near each other, and the time frames of the burglaries are described in the reports as "approximate" (Doc. 16 at 27.) The R&R also pointed out that the Arizona Court of Appeals stated, in rejecting petitioners claim:

> Likewise, police reports that suggest Hale may not have been present at one of the three burglaries committed on August 29, 2012 are of little consequence considering Hale only pleaded guilty to one of those three charges.

(Doc. 40 at 17.) Petitioner has not demonstrated that the alleged discrepancy is exculpatory, nor has he shown a reasonable probability that he would not have pled guilty had his counsel further investigated the alleged discrepancy in witness statements. Petitioner's objections to the R&R's findings pertaining to Ground 2 are overruled.

**III. Grounds 3-10 and 14**

The R&R considered Grounds 3-10 and 14 in one combined section. Those grounds involved claims of ineffective assistance of counsel. In his objections to the R&R's findings on Grounds 3-8, Petitioner re-urges the arguments that his first and second trial attorneys, Llewelly and Lopez failed to obtain any discovery, investigate, build a defense, and consult with Petitioner. Petitioner claims that, if his first and second trial attorneys had provided effective assistance and consulted with him, he would not have pled guilty.

His first two attorneys represented him while he was either undergoing competency evaluations or was deemed incompetent. The period of his incompetence is much lengthier than Petitioner suggests. His first attorney informed the trial court of problems communicating with him and concerns of Petitioner's competence in October 2012. His second attorney indicated concerns in December 2013, five months after his competence was first restored. (Doc. 38 at 10.) The fact that Petitioner was not competent, by definition, meant Petitioner was not able to understand and rationally participate in the court process. In other words, Petitioner was unable to meaningfully communicate during the time in which he alleges his attorneys were ineffective for not having meaningful

communication with him. Although Petitioner was unable to communicate meaningfully with counsel, the record shows that counsel was receiving discovery during that time (Doc. 22-5 at 43-53) and remained active in the case (Doc. 38 at 10). Petitioner has not shown how the alleged lack of consultation during that time fell below an objective standard of reasonableness or what should have been communicated and done differently that would have caused him not to plead guilty.

Petitioner also argues in his objection that the trial judge had no right to dismiss his second trial attorney, Vicky Lopez, who he paid $14,000. Petitioner argues that Lopez lied, withheld discovery from him and was financially motivated to have him plead guilty. When he insisted on going to trial, Lopez moved to withdraw because she received a threatening postcard from Petitioner, which he purports is a lie. He also alleges that Lopez lied about there being no other attorney at the Nolan firm who was available to represent Petitioner in her stead.

The R&R pointed out that the Arizona Court of Appeals denied Petitioner's claim, finding that "[c]ontrary to Hale's contention, the court had no obligation to compel another member of the withdrawing firm to represent him." (Doc. 40 at 18.); *see State v. Bible*, 175 Ariz. 549, 591 (1993) ("Although an indigent criminal defendant has a Sixth Amendment right to competent counsel, this right does not include counsel of choice.")." That determination by the Court of Appeals was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Once retained counsel was out of the picture, Petitioner was an indigent defendant. As such, he was entitled to representation by appointed counsel, although he contends appointed counsel was not his choice. An indigent defendant does not have the right to counsel of *choice*, only the right to *competent* counsel. *See United States v. Brown*, 785 F.3d 2337, 1343 (2015). Petitioner does not show that appointed counsel was incompetent, that his counsel of choice would have done anything different than what was done by

appointed counsel, or that with different counsel he would have gone to trial rather than accept a plea agreement and plead guilty. Petitioner's objections to the R&R's findings pertaining to Grounds 3-8 are overruled.

In his objections to the R&R's recommendation pertaining to Grounds 9, 10, and 14, Petitioner re-argues that his guilty plea was not voluntary because of his third counsel's (Harmon's) ineffective assistance. Petitioner contends that Harmon's representation did not meet the objective standard of reasonableness because she did not investigate or obtain discovery and forced him into accepting the plea agreement. He claims he would have gone to trial if counsel would have properly prepared and developed a defense. Petitioner fails to show what, if any, evidence was missed and would have been discovered, what his defense would have been had there been an investigation, and how it would have resulted in a different outcome. The R&R correctly found that Petitioner's claim that exculpatory evidence would have been found is insufficient to demonstrate prejudice because it is speculative. *Gonzales v. Knowles*, 515 F.3d 1006, 1014-15; *Bragg v. Galaza*, 242 F.3d 1082, 1088-89 (mere speculation that further investigation might have led to evidence helpful to petitioner was insufficient to show ineffective assistance). Petitioner's objections to the R&R's findings pertaining to Grounds 9-10 and 14 are overruled.

**IV. Ground 11**

Petitioner claims his third trial attorney was ineffective for creating a conflict of interest and damaging his defense, which forced him to accept the plea offer. The confidential information that petitioner's counsel purportedly revealed was information regarding state witness Amber Ritter and her family. Counsel learned impeaching information about Ritter through counsel's representation of former client, not Ritter. In a request for variance counsel indicated that she was aware of this impeachment information by virtue of Ritter and her family having been "state witnesses in another of her cases." That scenario fails to create or present a conflict of interest. Further, petitioner has not shown how his counsel's knowledge of impeachment evidence about Ritter prejudiced him or caused him to plead guilty. The information about Ritter disclosed by council was

impeachment of the government's witness and presumably assisted petitioner in receiving a more favorable plea offer.

The R&R correctly found that the determination by the Arizona Court of Appeals was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's objections to the R&R's findings pertaining to Ground 11 are overruled.

**V.  Ground 12**

Petitioner's objection to the R&R's recommendation regarding Ground 12 is his reassertion that his attorney was ineffective for not correcting the settlement judge's "promise" that he would receive a specific pretrial incarceration credit. He argues in his objection that he is only requesting that he be granted the 6-month difference off his sentence as he understood it was explained in open court by the settlement judge. The state courts found that the settlement judge did not make that promise and the R&R correctly determined that the state courts' determination was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (Doc. 40 at 23.)  Petitioner's objections to the R&R's findings pertaining to Ground 12 are overruled.

**VI.  Ground 15**

In his objection to the R&R's recommendation on Ground 15, his claim of ineffective assistance of counsel because of the failure to seek a speedy trial, Petitioner argues that the R&R falsely claimed he was incompetent during "the bulk of the time Petitioner's cases were pending." (Doc. 42 at 11.)  Petitioner argues that despite his competency issues, his attorneys should have sought a speedy trial, after he was deemed competent.

To the extent that there were continuances of his trial, Petitioner does not establish that those extensions violated his right to a speedy trial and therefore any claim of

ineffective assistance of counsel by not raising a speedy trial claim fails. *McNeely v. Blanas,* 336 F.3d 822, 827 (9th Cir. 2003) ("[D]elay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument."). As discussed earlier, Petitioner was incompetent for a lengthy period after charges were brought. The period of his incompetence is much lengthier than Petitioner suggests. His first attorney informed the trial court of problems communicating with him and concerns of Petitioner's competence in October 2012. His second attorney indicated concerns in December 2013, five months after his competence was first restored. (Doc. 38 at 10.) Petitioner has not shown that his speedy trial rights were violated or that his attorneys' performance was deficient under prevailing professional standards by failing to seek a speedy trial. Petitioner's objections to the R&R's findings pertaining to Ground 15 are overruled.

**VII. Ground 16**

Petitioner's objection to the R&R's finding as to Ground 16 is a reassertion of the alleged multiple claims that his attorneys' performance was deficient under prevailing professional standards. Having reviewed his claims of inadequate performance the Court has not found an instance where Petitioner has shown deficient performance and he has not shown a reasonable probability that he would have chosen to go to trial if his attorneys had done the things, he now claims they should have done. Petitioner's objections to the R&R's findings pertaining to Ground 16 are overruled.

**VIII. Ground 17**

Petitioner objects to the R&R's recommended denial of Ground 17, his claim that his advisory counsel was ineffective. Much like his claims of ineffective assistance of counsel lodged against his trial counsel, Petitioner claims advisory counsel also withheld discovery and did not comply with court orders regarding discovery. However, habeas relief is not available for "the ineffectiveness or incompetence of counsel during . . . collateral post-conviction proceedings." 28 U.S.C. 2254(i); *see also Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982). The R&R correctly found Petitioner could not bring a habeas

claim on this issue, but if he could have, he has not shown either that his attorneys' performance was deficient under prevailing professional standards or that he suffered prejudice as a result. Petitioner's objections to the R&R's findings pertaining to Ground 17 are overruled.

**IT IS ORDERED** that Petitioner's Objections to Magistrate Judge's Report and Recommendation (Doc. 42) are **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.40) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10) is **DISMISSED** with prejudice.

**IT IS ORDERED** that Petitioner's Motion to Request Certificate of Appealability (Doc. 41) and leave to proceed in forma pauperis on appeal are **DENIED** because reasonable jurists would not debate the justification for dismissing the Petition and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10) with prejudice and shall terminate this action.

Dated this 1st day of November, 2021.

Douglas L. Rayes
United States District Judge